UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:17CV-P521-CRS

RONNIE SNOW                                                                PLAINTIFF

v.

KENTUCKY STATE REFORMATORY *et al*.                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ronnie Snow filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims and allow others to proceed for further development.

**I.**

Plaintiff is a convicted inmate at the Kentucky State Reformatory (KSR). He sues the following Defendants: KSR; Warden Aaron Smith; Correct Care Solution; RN Shannon Hardesty, whom Plaintiff identifies as being an employee of Correct Care Solution in the body of his complaint; and Baptist Healthcare Systems, Inc. He sues Smith and Hardesty in both their official and individual capacities.

Plaintiff states that he has an "Order for do not Resuscitate" which was filed with Correct Care Solution. Plaintiff asserts that on May 30, 2016, medical personnel were requested to respond to the Pill Call area where he had fallen out of his wheelchair. He states, "Correct Care Solution Nurse RN Shannon Hardesty and Lieutenant Verdi were performing CPR on inmate Snow. On the DNR Order said that CPR will not started by emergency medical services personnel. Above is a clear case of violation on the DNR order." After communications among

various KSR personnel as detailed in the complaint, an Oldham County EMS ambulance transported Plaintiff to the emergency room of Baptist Hospital East, where he was admitted from May 30, 2016, to June 8, 2016. With regard to his treatment at Baptist Hospital East, Plaintiff states as follows:

> Ronnie Snow presented to Baptist Health, Louisville, Ky. Hospital after he had a cardiac arrest and had CPR done and was admitted to Baptist East. The patient had an ST elevation MI and he was followed by cardiology and eventually had a heart catheter done couple of days ago that showed severe native vessel disease but the recommendation was to go with medical management at this point. Patient recovered from neurologically and respiratory failure. Patient had a cardiac arrest at the time admit to the hospital and recovered and release on the 6-8-2016, back to KSR and Correct Care Solution for his medical care.

Plaintiff further states, "Oldham County EMS or ambulance personnels and the Baptist Healthcare or the Hospital violate the DNR Order that Snow has in place." Plaintiff references a KSR Incident Report and states, "Official in Charge Warden Aaron Smith, Medical Emergency by Correct Care Solution, and staff member Involvement as follows:" Thereafter, he lists the names of eleven KSR staff members and states that "each person on this lists above violate the Do Not Resuscitate Order on May 30, 2016. Also Inadequate Medical Record on the DNR Order." Plaintiff alleges violations of the Eighth and Fourteenth Amendments. He states that Defendants showed deliberate indifference to his medical needs in violating the Do Not Resuscitate Order. He states, "Medical records is inadequate and unprofessional. Correct Care Solution has no adequately Doctor or Train Nures to meet Snow medical needs."

As relief, Plaintiff seeks injunctive relief, punitive and compensatory damages, declaratory relief, and all fees.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

2

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a

claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. Claims against KSR

KSR is part of the Kentucky Department of Corrections (KDOC). The KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Crockett v. Turney Ctr. Indus. Prison*, No. 96-6067, 1997 U.S. App. LEXIS 20924, at *3 (6th Cir. Aug. 1, 1997) ("The prison is a state agency. . . . A state agency is not considered a 'person' subject to suit under 42 U.S.C. § 1983."). Because KSR is not a "person" under § 1983, the Court will dismiss the claims against KSR for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment acts as a bar to all claims for relief against KSR. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983,

Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

## B. Claims against Smith

The only mention of Smith in the body of the complaint is a reference to him as the "Official in Charge" in a KSR Incident Report. The complaint states no facts regarding Smith's personal involvement in the events giving rise to the complaint. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Plaintiff has not alleged any personal involvement by Smith, the claims against him must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent Plaintiff seeks to hold Smith liable based on his supervisory authority as Warden of KSR, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor

encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

The complaint fails to demonstrate that Smith encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced to any unconstitutional conduct. Accordingly, the claims against Smith in his individual and official capacities will be dismissed for failure to state a claim upon which relief may be granted.

## C. Individuals not named as Defendants

Plaintiff also states that Oldham County EMS violated his "Do Not Resuscitate" order. In addition, on page 5 of the complaint, he lists eleven staff members of KSR whom he claims violated his "Do Not Resuscitate" order. However, neither Oldham County EMS nor the eleven staff members listed are named as Defendants in the title of the complaint.

According to Rule 10(a) of the Federal Rules of Civil Procedure, "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint **must name all the parties**; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." (emphasis added). Because Oldham County EMS and the eleven KSR staff members are not named in the title or caption of the complaint, they are not properly named defendants and are not parties to this action.

**D. Remaining claims**

Upon review, the Court will allow Plaintiff's claims to proceed against Correct Care Solution; Baptist Healthcare Systems, Inc.; and Hardesty in her individual and official capacities. In allowing the claims to go forward, the Court passes no judgment on their merit or ultimate outcome.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against KSR and Smith are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) because the complaint fails to state a claim upon which relief may be granted and/or seeks relief from a defendant who is immune from such relief.

The Clerk of Court is **DIRECTED** to terminate KSR and Smith as parties to this action.

The Court will enter a separate Order Directing Service and Scheduling Order governing the claims that have been permitted to proceed.

Date:   January 17, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4411.010