UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:17CV-P521-CRS

RONNIE SNOW                                                                                           PLAINTIFF

v.

KENTUCKY STATE REFORMATORY *et al*.                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronnie Snow filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is now before the Court upon the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Baptist Healthcare System, Inc. (Baptist) (DN 13). For the reasons stated below, the Court will grant the motion to dismiss Plaintiff's claims that are currently before the Court against Baptist.

## I.

Plaintiff is a convicted inmate at the Kentucky State Reformatory (KSR). Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's claims to proceed against "Correct Care Solution"; Baptist Healthcare Systems, Inc.; and RN Shannon Hardesty in her individual and official capacities. In the complaint, Plaintiff stated that he had an "Order for do not Resuscitate," which he filed with Correct Care Solution. Plaintiff asserted that on May 30, 2016, medical personnel were requested to respond to the Pill Call area where he had fallen out of his wheelchair. He stated, "Correct Care Solution Nurse RN Shannon Hardesty and Lieutenant Verdi were performing CPR on inmate Snow. On the DNR Order said that CPR will not started by emergency medical services personnel. Above is a clear case of violation on the DNR order." Plaintiff further reported that, after communications among various KSR personnel

as detailed in the complaint, an Oldham County EMS ambulance transported Plaintiff to the emergency room of Baptist Hospital East, where he was admitted from May 30, 2016, to June 8, 2016. With regard to his treatment at Baptist Hospital East, apparently quoting from his medical notes, Plaintiff stated as follows:

> Ronnie Snow presented to Baptist Health, Louisville, Ky. Hospital after he had a cardiac arrest and had CPR done and was admitted to Baptist East. The patient had an ST elevation MI and he was followed by cardiology and eventually had a heart catheter done couple of days ago that showed severe native vessel disease but the recommendation was to go with medical management at this point. Patient recovered from neurologically and respiratory failure. Patient had a cardiac arrest at the time admit to the hospital and recovered and release on the 6-8-2016, back to KSR and Correct Care Solution for his medical care.

Plaintiff further stated, "Oldham County EMS or ambulance personnels and the Baptist Healthcare or the Hospital violate the DNR Order that Snow has in place." Plaintiff alleged violations of the Eighth and Fourteenth Amendments. He stated that Defendants showed deliberate indifference to his medical needs in violating the Do Not Resuscitate Order. Upon screening under § 1915A, the Court allowed Plaintiff's claims to proceed for further development.

Baptist filed a motion to dismiss (DN 6) on grounds that the claims against Baptist are barred by the statute of limitations and that Baptist did not act under color of state law as is required to establish liability under 42 U.S.C. § 1983. Plaintiff filed a response to the motion (DN 15), and Baptist filed a reply (DN 16).

**II.**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take

2

all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "The defendant has the burden of showing that the plaintiff has failed to state a claim for relief[.]" *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (citing *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555). In addition, "[a] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.

*A. Statute of limitations*

Baptist first argues that Plaintiff's claims against it are barred by the statute of limitations. Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id*. at 183. While the statute of limitations is an affirmative defense, when the face

3

of the complaint shows that an action is time-barred, the case may be dismissed. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002).

Baptist argues that Plaintiff alleges in the complaint that he was mistreated on the day he was admitted to Baptist Hospital on May 30, 2016, and that he was cared for by Baptist until June 8, 2016, when he had recovered from his cardiac arrest and was released from the hospital. Baptist argues, "While Plaintiff likely 'knew or had reason to know' of his injury at some point before June 8, 2016, he had, at the latest, until June 8, 2017, to bring his § 1983 claim." Baptist argues that Plaintiff filed the complaint on August 23, 2017, over two months after the one-year statute of limitations expired, and that his claim against it is, therefore, time-barred and should be dismissed.

In response, Plaintiff argues that while "the violation and events occurred on May 30, 2016, . . . he did not learn what medical conditions truly happen to him until he received a copy of his medical files and other documentation through the open records act pursuant to KRS chapter 61 et seq." He maintains that he filed "a number of corresponding letters to the administered authorities here at [KSR] regarding the event so as to learn what happen to him medically, but never received any response back to his inquiries." Plaintiff states that he did not receive his medical transcripts from Baptist until on or about December 15, 2016. He asserts that Baptist and the other Defendants "never told plaintiff that he had a heart attack or that CPR was done on him all in violation of the signed DNR order." He states, "This information was never forthcoming from the defendants and plaintiff never learned this until the requested open records request was submitted from the defendants." In addition, Plaintiff filed an amended complaint, in which he states, "Plaintiff asserts that the named defendants collectively have conspired together to hide the events that transpired concerning the May 30th medical emergency with

4

plaintiff which is one more reason that it took plaintiff an extended amount of time to file his complaint."

In Baptist's reply, it argues that "[w]hile Plaintiff argues that he did not have his medical records and presumably understand the details of his medical care, the law does not require such knowledge in order for the statute of limitations period to accrue." Baptist argues, "Rather, the law requires simply that Plaintiff know or have reason to know of his injury and in this case, Plaintiff should have been well aware that he had been medically treated at Baptist by the time of his discharge on June 8, 2016."

Construing the complaint and amended complaint in the light most favorable to Plaintiff, as the Court is required to do at this stage, the Court finds that it is not apparent from the face of the complaint and amended complaint that Plaintiff's claim against Baptist is time-barred. Moreover, in response to the Rule 12(b)(6) motion, Plaintiff has plausibly argued that he did not learn that he had been given CPR at Baptist Hospital until he received his medical records from Baptist in December 2016 and therefore did not know or have reason to know that Baptist violated his Do Not Resuscitate Order until then. *See Kirkwood v. Vickery*, No. 4:17-CV-86-JHM, 2018 U.S. Dist. LEXIS 36930, at *4-5 (W.D. Ky. Mar. 7, 2018) ("Because the defendants have raised the statute of limitations as an affirmative defense through a motion to dismiss, as opposed to summary judgment, [Plaintiff] need not offer proof at this time as to whether the statute should be tolled.") (citing *Anderson v. City of E. Cleveland*, No. 1:12 CV 3020, 2013 U.S. Dist. LEXIS 65600, at *6 (N.D. Ohio May 8, 2013)). Accordingly, Baptist has failed to meet its burden in establishing that the action against it is time-barred, and the motion on this basis will be denied.

## B.     Color of state law

Baptist also argues that Plaintiff's § 1983 claims against it should be dismissed because Plaintiff has failed to allege that Baptist acted under color state law. "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42 (1988).

Baptist argues that the complaint "is devoid of any factual allegations that, if proven true, would explain how Baptist's conduct amounts to state action." It maintains that "it has been well established that private hospitals, such as Baptist, are not state actors under § 1983." Plaintiff's response to the motion to dismiss does not address this argument.

A private entity acting on its own or private individual acting on his or her own cannot deprive a citizen of his or her constitutional rights. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978)); *Hudgens v. NLRB*, 424 U.S. 507 (1976)). Section 1983 does not create a cause of action against a private actor "'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). The Supreme Court has articulated three tests for determining who are state actors: (1) the public function test, *Flagg Bros.*, 436 U.S. at 157; (2) the state compulsion test, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970); and the (3) the nexus test or symbiotic relationship test, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961). *See Lugar v.*

*Edmondson Oil Co.*, 457 U.S. 922, 936-39 (1982) (for a discussion of the tests); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (same). According to the Sixth Circuit:

> The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state. Finally, under the symbiotic relationship test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.

*Collyer v. Darling*, 98 F.3d 211, 232 (6th Cir. 1996) (citing, *inter alia, Lugar v. Edmondson Oil Co.*, 457 U.S. at 937).

The complaint and amended complaint fail to allege facts that meet any of the three tests. Plaintiff alleges that, while he was incarcerated at KSR, jail officials took him to the offsite hospital owned by Baptist where Plaintiff received CPR and other medical care. However, the provision of medical services is not a power that has been exclusively reserved to the state. Moreover, Plaintiff does not allege that Baptist was compelled to work for the state or that a symbiotic relationship existed between the state and Baptist. Even if Baptist was paid from public resources for its services to the incarcerated Plaintiff, it would be insufficient to render it a state actor for purposes of § 1983. *Ketola v. Clearwater*, No. 1:08-cv-31, 2008 U.S. Dist. LEXIS 104205, at *8 (W.D. Mich. Oct. 31, 2008) (holding that even if the defendant hospital and its physician "treated [the prisoner plaintiff] at the state's request and expense, they did not thereby become state actors"); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (nonprofit, privately operated school's receipt of public funds did not make its employee-discharge decisions acts of state subject to suit under federal statute governing civil action for deprivation of rights); *Adams v. Vandemark*, 855 F.2d 312, 315-16 (6th Cir. 1988) (fact that nonprofit corporation was funded almost entirely by public sources, and was subject to state regulation,

7

without more, is insufficient to make private entity's decision to discharge employees attributable to state for purpose of § 1983 action). In addition, the fact that Baptist may have been subject to state licensing requirements does not make it a state actor under the nexus test. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (allegation that hospital and social worker were subject to state licensing was insufficient to support finding that defendants were acting under color of state law); *see also Raper v. Controneo*, No. 1:17-cv-368, 2017 U.S. Dist. LEXIS 154005 (W.D. Mich. Sept. 21, 2017) (holding that a private physician who performed surgery on the prisoner plaintiff at an offsite hospital was not state actor for all of the above reasons).

For these reasons, the Court finds that Baptist has established that it is not a state actor and therefore cannot be liable under § 1983. The Court will grant Baptist's motion to dismiss on this basis.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Baptist's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (DN 13) is **GRANTED**.

Plaintiff filed an amended complaint, in which he added state-law claims for negligence and intentional infliction of emotional distress against Baptist, as well as other claims and Defendants. Baptist filed a motion to strike the amended complaint. By separate Order, the Court will direct Plaintiff to file a response to Baptist's motion to strike. If the motion to strike is denied, the Court will conduct an initial review of the amended complaint pursuant to 28 U.S.C.

§ 1915A, and state-law claims may be permitted to continue against Baptist under supplemental jurisdiction. Thus, Baptist will not be dismissed as a party to this action at this time.

Date: September 6, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Counsel of record
Defendants Correct Care Solution and Hardesty
4411.010